# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* SCHOONOVER/VAN-CLEAVE/RUSSELL,
Minors.

UNPUBLISHED
January 29, 2015

No. 321552
Oakland Circuit Court
Family Division
LC No. 12-802288-NA

Before: MURRAY, P.J., and SAAD and K. F. KELLY, JJ.

PER CURIAM.

Respondent appeals the trial court's termination of her parental rights under MCL 712A.19b(3)(c)(*i*), (g), and (j). For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

In October 2012, the Department of Human Services ("DHS") filed a petition to take jurisdiction over the minor children. Respondent, a heroin addict, used the drug once or twice a day while she was pregnant with O.R. During her pregnancy, respondent overdosed in front of another daughter, L.C., and had to be taken away in an ambulance. As a result, O.R., who was born prematurely, had opiates in her system at birth, and now suffers from numerous developmental disorders.

To help respondent regain custody of her children, DHS prepared a treatment plan that involved counseling and parenting classes, and parenting time with the children. Respondent neither complied with the treatment plan nor made use of the services, and, sadly, did not attend the supervised visitation time.

DHS filed a petition to terminate respondent's parental rights in September 2013. Specifically, it alleged that respondent: (1) did not to submit to random drug screens; (2) failed to participate in parenting improvement services; (3) failed to visit her children during the allotted parenting time; (4) did not benefit from counseling; and (5) refused to provide verification of employment and housing.

At a bench trial in April 2014, the court heard testimony from multiple witnesses, including DHS employees involved with respondent's case, L.C. and O.R.'s biological father, and respondent. Respondent admitted that she had relapsed into drug use while DHS had custody of her children, and failed to comply with the required drug screens. She also stated that she had independently located and participated in substance abuse programs to overcome her

-1-

heroin addiction. The trial court granted DHS's petition to terminate respondent's parental rights under MCL 712A.19b(3)(c)(*i*)[1], (g),[2] and (j),[3] and found that the termination was in the best interests of the children.

On appeal, respondent asks us to reverse the ruling of the trial court, because DHS supposedly did not provide her with a service plan to achieve reunification. DHS denies plaintiff's allegations, and asks us to uphold the trial court's termination of her parental rights.

## II. STANDARD OF REVIEW

Respondent did not preserve her challenge to DHS's efforts to reunify her with her children because she did not raise the issue when the court initially adopted a service plan. *In re Frey*, 297 Mich App 242, 247; 824 NW2d 569 (2012). Accordingly, to warrant reversal, respondent must demonstrate that the trial court made a plain error that affected her substantial rights. *People v Carines*, 460 Mich 750, 764-765; 597 NW2d 130 (1999). A trial court's factual findings are reviewed for clear error. *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010).

## III. ANALYSIS

"Generally, when a child is removed from the parents' custody, [DHS] is required to make reasonable efforts to rectify the conditions that caused the child's removal by adopting a service plan." *In re HRC*, 286 Mich App 444, 462; 781 NW2d 105 (2009). The respondent has a "commensurate responsibility . . . to participate in the services that are offered" by DHS. *Frey*, 297 Mich App at 248. The fact that a respondent engages in service and treatment programs "independently in no way compels the conclusion that [DHS's] efforts toward reunification were not reasonable, and more to the point, does not suggest that [a] respondent would have fared better if the [DHS] worker had offered those additional services to him." *In re Fried*, 266 Mich App 535, 543; 702 NW2d 192 (2005).

Here, respondent wrongly asserts that DHS did not formulate an initial service plan to help her regain custody of her children. Actually, in April 2013, a foster-care worker informed the court that DHS had created a treatment plan that involved parenting classes, drug testing, and

---

[1] MCL 712A.19b(3)(c)(*i*) allows termination when "[t]he conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age."

[2] MCL 712A.19b(3)(g) allows termination when "[t]he parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age."

[3] MCL 712A.19b(3)(j) allows termination when "[t]here is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent."

counseling.[4]  Respondent simply chose not to participate in or avail herself of these services. She never attended the scheduled supervised parenting time, and did not maintain contact with her case worker, the court, the guardian ad litem, or her attorney.  Further belying her claims on appeal, respondent testified that she had not fully complied with drug screens or attended parenting classes.  She also acknowledged that DHS gave her a full opportunity to reunite with her children.

Respondent further claims that the services she was provided were not designed to address her heroin addiction, or to help her obtain housing and employment.  However, as noted, respondent located and participated in treatment programs to help her overcome her heroin addiction.  And, again: "[t]he fact that respondent sought treatment independently in no way compels the conclusion that petitioner's efforts toward reunification were not reasonable, and, more to the point, does not suggest that respondent would have fared better if the worker had offered those additional services to [her]."  *Fried*, 266 Mich App at 543.[5]

Respondent, who accepted no personal responsibility to participate in the services provided to her by the state, cannot now blame DHS for her own failings.  Accordingly, the trial court properly terminated her parental rights, and its order is affirmed.

/s/ Christopher M. Murray
/s/ Henry William Saad
/s/ Kirsten Frank Kelly

---

[4] Respondent, with no excuse, was absent from the April 2013 hearing, and the court issued an order requiring that respondent comply with DHS's service and treatment plan, and also that she have legal employment and housing, and avoid association with anyone who used illegal drugs. The foster-care worker personally informed respondent of the requirements of the service and treatment plan, and respondent knew what services the state offered to her, and her commensurate obligation to make use of those services.

[5] Respondent unconvincingly compares her case to *In re Rood*, 483 Mich 73; 763 NW2d 587 (2009).  In *Rood*, DHS and the trial court made a number of clerical mistakes which prevented Rood from attending relevant hearings, despite the fact that Rood provided the relevant authorities with his accurate contact information.  *Rood*, 483 Mich at 108–109.  These errors effectively denied Rood of his right to due process.  *Id*. at 110.

Here, the court and DHS made no such clerical errors.  It was *respondent* who failed to provide her contact information to DHS workers, the court, and her attorney.  Nor did she attempt to contact the relevant authorities.  She received notice of the relevant hearings personally by summons, was informed of several hearings by the children's father, and was represented by her attorney at each hearing.  The court gave her every opportunity to be heard, and issued adjournments when she did not appear.  At all times, respondent was given a fair opportunity to participate in the proceedings.  She cannot retroactively blame her failure to do so on the state.